UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. |
| JOSEPH J. PERILLO, PERILLO MOTOR CARS, INC., and GOLD COAST MOTOR CARS, INC. d/b/a PERILLO COLLISION CENTER, | ) ) ) Judge ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, on behalf of the United States Army Corps of Engineers ("Corps of Engineers"), complains as follows:

### **Introduction**

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Joseph J. Perillo, Perillo Motor Cars, Inc., and Gold Coast Motor Cars, Inc., d/b/a Perillo Collision Center, ("Defendants"), for the discharge of pollutants into waters of the United States in Chicago, Cook County, Illinois, without authorization from the United States Department of the Army, in violation of CWA section 301(a), 33 U.S.C. §1311(a), and for injunctive relief for the placement of a seawall and obstruction in a navigable water of the United States without authorization from the United States Department of the Army, in violation of Sections 10 and 14 of the Rivers and

Harbors Appropriation Act of 1899 ("RHA"), 33 U.S.C. §§ 403, 406, 408, and 413 and in violation of Section 10 of the Rivers and Harbors Act of 1890, 33 U.S.C. §403a.

2. In this action, the United States seeks (1) to enjoin the discharge of pollutants into the North Branch of the Chicago River without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of the United States Army Corp of Engineers ("Corps of Engineers"), to restore and/or mitigate the damages caused by their unlawful activities; (3) to remove the obstruction in the navigable water of the United States, at the direction of the Corps of Engineers, (4) to restore the seawall to its pre-violation configuration, at the direction of the Corps of Engineers, and (5) to require Defendants to pay civil penalties under the CWA, as provided in 33 U.S.C. §1319(d).

## Jurisdiction and Venue

3. This court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. §1319(b), and 28 U.S.C. §§1331, 1345, and 1355, and pursuant to the RHA, 33 U.S.C. §§ 403, 403a, 406, 408, 413, 1311, 1319(b) and 1344.

4. Venue is proper in the Northern District of Illinois pursuant to CWA section 309(b), 33 U.S.C. §1319(b), and 28 U.S.C. §1391(b) and (c), because the subject property is located in this district, and the cause of action alleged herein arose in this district.

Notice of the commencement of this action has been provided to the State of Illinois pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

**Parties**

5. The plaintiff in this action is the United States of America. The United States Attorney is authorized to bring this action pursuant to 33 U.S.C. §§ 406, 413, 1319(b), 1344, 1366 and 28 U.S.C. §§ 516 and 510.

6. Defendant Joseph J. Perillo is a private individual residing in Chicago, Illinois.

7. Defendant Perillo Motor Cars, Inc. is a corporation organized under the laws of the State of Illinois with a business address of 1035 North Clark Street Chicago, Illinois 60610, and conducts business at 1388 North North Branch Street in the City of Chicago, Cook County, Illinois (Section 5, Township 39 North, Range 14 East).

8. Defendant Gold Coast Motor Cars, Inc., d/b/a Perillo Collision Center is a corporation organized under the laws of the State of Illinois that conducts business at 1388 North North Branch Street in the City of Chicago, Cook County, Illinois (Section 5, Township 39 North, Range 14 East).

9. Defendant Joseph J. Perillo is the owner and/or president of Perillo Motor Cars, Inc. and Gold Coast Motor Cars, Inc.

10. At all times relevant to the complaint, one or more of the Defendants either owned, leased or otherwise controlled the real property that is the subject of this complaint and/or otherwise controlled the activities that occurred on such property.

11. Joseph J. Perillo is a "person" under the Clean Water Act, 33 U.S.C. § 1362(5), and under Sections 10, 12, and 14 of the Rivers and Harbors Act, 33 U.S.C. §§ 403, 403a, 406, 408.

12. Perillo Motors Cars, Inc., is a "person" under the Clean Water Act, 33 U.S.C. § 1362(5), and under Sections 10, 12, and 14 of the Rivers and Harbors Ac,t 33 U.S.C. §§ 403, 403a, 406, 408.

13. Gold Coast Motor Cars, Inc. is a "person" under the Clean Water Act, 33 U.S.C. § 1362(5), and under Sections 10, 12, and 14 of the Rivers and Harbors Act 33 U.S.C. §§ 403, 403a, 406, 408.

## Statutory Background
## Clean Water Act

14. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

15. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

16. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

17. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

18. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

19. Regulations found at 33 C.F.R. § 328.3(a)(1), (2), (4), (5), (6) and (8) and, 40 C.F.R. § 232.2, define "waters of the United States" to include: (1) All waters which are currently used,

were used in the past, or may be susceptible to use in interstate or foreign commerce . . . (2) All interstate waters, including interstate wetlands; (4) All impoundments of waters otherwise identified as waters of the United States under this section; (5) All tributaries, as defined in paragraph (c)(3) of this section, of waters identified in paragraphs (a)(1) through (3) of this section; (6) All waters adjacent to a water identified in paragraphs (a)(1) through (5) of this section, . . . (8) All waters located within the 100–year floodplain of a water identified in paragraphs (a)(1) through (3) of this section and all waters located within 4,000 feet of the high tide line or ordinary high water mark of a water identified in paragraphs (a)(1) through (5) of this section where they are determined on a case-specific basis to have a significant nexus to a water identified in paragraphs (a)(1) through (3) of this section.

20. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

21. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

22. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

23. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

**Rivers and Harbors Appropriation Act of 1899**

24. Section 10 of the RHA prohibits the "creation of any obstruction . . . to the navigable capacity of any of the waters of the United States." 33 U.S.C. § 403.

25. Section 10 of the RHA prohibits excavation or filling, or any alteration or modification of, the course, location, condition or capacity of any navigable water, or part thereof, without prior authorization from the Corps of Engineers. 33 U.S.C. §§ 403.

26. Section 10 of the RHA of 1890 prohibits the "creation of any obstruction, not affirmatively authorized by law, to the navigable capacity of any waters, in respect of which the United States has jurisdiction… the continuance of any such obstruction…shall constitute an offense and each week's continuance of any such obstruction shall be deemed a separate offense." 33 U.S.C. § 403a.

27. Section 14 of the RHA prohibits any unauthorized alteration to a federal navigation project that impacts the usefulness of the channel and is injurious to the public interest. 33 U.S.C. § 408.

28. "Navigable waters" under the RHA include those waters that are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. 33 C.F.R. § 329.4.

29. Sections 12 and 17 of the RHA, 33 U.S.C. §§ 406, 413, authorizes the United States to bring a civil action for a permanent or temporary injunction, including the removal of any structure or part of a structure, for violations of the RHA.

**General Allegations**
**Clean Water Act**

30. From October 2018 through the present, one or more of the Defendants and/or persons acting on their behalf, discharged dredged or fill material into waters of the United States without a permit under CWA section 404 at the left descending bank of the North Branch of the Chicago River located at approximately 1388 North North Branch Street in the City of Chicago, Cook County, Illinois (Latitude 41.90691, Longitude -87.65767) Property Index Number 17-05-201-011-0000, legally described as: Lots 1 to 4, both inclusive and accretions thereto, in block 51 in Elston's Addition to Chicago, in Section 5 Township 39 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois (hereinafter referred to as the "Perillo Site.")

31. The dredged or fill material that one or more of the Defendants and/or persons acting on their behalf, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

32. One or more of the Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

33. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

34. One or more of the Defendants either owned, leased or otherwise controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

35. One or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities at issue in Paragraphs 30 through 34.

36. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

37. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States at the Perillo Site.

38. Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

39. Unless enjoined, Defendants are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the waters of the United States at the Perillo Site in violation of CWA Section 301, 33 U.S.C. § 1311.

**Rivers and Harbors Appropriation Act of 1890 and 1899**

40. The North Branch of the Chicago River is a congressionally authorized navigation project, first authorized by the River and Harbors Act of 1896.

41. The North Branch of the Chicago River is a "navigable water" under Section 10 of the RHA. 33 U.S.C. § 403.

42. From on or about October 19, 2018, Defendants caused an obstruction to the navigable capacity of the North Branch of the Chicago River in violation of 33 U.S.C. §§ 403, 403a, 408 by allowing a seawall to collapse into the North Branch of the Chicago River at the Perillo Site, and by allowing the sea wall to remain in the river causing a hazard to navigation.

43. Defendants further violated Section 10 of the RHA by excavating or filling, or causing an alteration or modification of, the course, location, condition or capacity of the North Branch of the Chicago River, without prior authorization from the Corps of Engineers. 33 U.S.C. § 403.

44. Defendants have violated Section 14 of the RHA, 33 U.S.C. § 408, by altering or impairing the usefulness of a federal navigation project without authorization from the Corps of Engineers.

45. Defendants have violated and continue to violate Section 10 of the RHA, 33 U.S.C. § 403 by their unauthorized placement of an obstruction, and alteration, excavation, and filling associated with construction of a seawall, into the North Branch of the Chicago River at the Perillo Site.

46. Each week that such unauthorized obstruction and construction activities referred to in Paragraphs 40 through 45 remains in place constitutes a separate violation of Section 10 of the RHA, 33 U.S.C. §§ 403a.

47. Unless enjoined, Defendants are likely to continue to obstruct navigation in a water of the United States in violation of Sections 10 and 14 of the RHA, 33 U.S.C. §§ 403, 408.

## Count I
## Clean Water Act Violations

48. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 39.

49. Beginning on or about October 19, 2018, one or more of the Defendants and/or persons acting on their behalf discharged dredged or fill material into the North Branch of the

Chicago River at and around the Perillo Site in violation of the CWA, section 301, 33 U.S.C. § 1311.

50. The North Branch of the Chicago River and the Perillo Site are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

## Count II
### Rivers and Harbors Appropriation Act of 1890 and 1899 Violations

51. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 47.

52. The replacement and/or abandonment of a seawall referred to in Paragraphs 42 through 45 constituted an obstruction of navigable waters by excavation or fill, alteration or modification of "the course, location, condition, or capacity of, any port roadstead, haven, harbor, canal, lake, harbor or refuge" without prior authorization from the Corps of Engineers in violation of Section 10 of the RHA, 33 U.S.C. § 403.

53. The abandonment of the collapsed seawall referred to in Paragraphs 42 through 45 constituted a continuing obstruction to navigation in violation of Section 10 of the RHA, 33 U.S.C. § 403a.

54. The abandonment of the collapsed seawall referred to in Paragraphs 42 through 45 caused a hazard to navigation conditions, minimizing the usefulness of the navigation project and creating a safety risk, in violation of Section 14 of the RHA, 33 U.S.C. § 408.

55. Section 12 of the RHA, 33 U.S.C. § 406, authorizes injunctive relief for a violation of Sections 10 and 14 of the RHA, 33 U.S.C. §§ 403, 408.

**Prayer For Relief**

WHEREFORE, the United States of America requests that this Court order the following relief:

(a) That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

(b) That the Defendants, or any combination thereof, be enjoined to undertake measures, at Defendants' own expense and at the direction of the Corps of Engineers, to effect complete restoration of the Perillo Site and to conduct off-site mitigation for irreversible environmental damage, as appropriate;

(c) That the Defendants be enjoined to remove the obstruction in the North Branch of the Chicago River, at the direction of the Corps of Engineers, and be enjoined to restore the seawall to its pre-violation configuration, at the direction of the Corps of Engineers;

(d) That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

(e) That the United States be awarded costs and disbursements in this action; and

(f) That this court grant the United States of America such other relief as the court may deem just and proper.

>Respectfully submitted,
>
>JOHN R. LAUSCH, Jr.
>United States Attorney
>
>By: s/ Kurt N. Lindland
>  KURT N. LINDLAND
>  Assistant United States Attorney
>  219 South Dearborn Street
>  Chicago, Illinois 60604
>  (312) 353-4163
>  kurt.lindland@usdoj.gov